IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PATRICK C. LYNN,

        Plaintiff,

v.                                CASE NO. 20-3048-JTM

UNIT MANAGER HACKNEY, et al.,

        Defendants.

## MEMORANDUM AND ORDER

This matter is a civil rights action filed under 42 U.S.C. § 1983 by a prisoner in state custody. Plaintiff proceeds pro se and seeks leave to proceed in forma pauperis.

### Nature of the Complaint

The complaint contains seven counts and names 21 defendants. In Count 1, plaintiff alleges violations of his rights under the First Amendment to petition the courts and government officials for redress. In Count 2, he alleges the denial of "court access umbrella rights" in violation of his rights under the First Amendment and retaliation for protected activities. In Count 3, he alleges that certain defendants have fostered unlawful customs and practices in violation of his rights under the First Amendment and the Kansas Open Records Act. In Court 4, he alleges violations of the Eighth Amendment arising from the failure to train, supervise and discipline defendants. In Count 5, he alleges violations of the Eighth Amendment arising from inhumane conditions of confinement at the Hutchinson Correctional Facility, the Lansing Correctional Facility, and the El Dorado Correctional Facility. In Count 6, he asserts state tort claims of criminal mistreatment, interference

with the judicial process, intimidation of a victim/witness, theft of personal and legal property, and criminal damage to personal property. In Count 7, he alleges violations of his rights under the First, Fourth, Eighth, and Fourteenth Amendments arising from refusals to mail an indigent postage letter and the unlawful seizures of certain subscriptions. He seeks declaratory and injunctive relief.

**Discussion**

Plaintiff is subject to the "3-strikes" provision of 28 U.S.C. § 1915(g). Accordingly, he may not proceed in forma pauperis unless he shows that he is in imminent danger of serious physical harm. "To meet the only exception to the prepayment requirement, a prisoner who has accrued three strikes must make 'specific, credible allegations of imminent danger of serious physical harm.'" *Davis v. GEO Group Corr.*, 696 F. App'x 851, 854 (10th Cir. May 23, 2017)(unpublished)(quoting *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011)).

The "imminent danger" exception recognized by the in forma pauperis statute is limited to those circumstances that present genuine emergencies that exist at the time the complaint is filed. *See Hafed*, 635 F.3d at 1179-80("Every circuit to have decided the issue so far has concluded that [§ 1915(g)'s] use of the present tense shows that a prisoner must have alleged an imminent danger at the time he filed his complaint.").

Plaintiff's claim of imminent harm is premised upon the destruction of personal property in December 2019 that included a pair of sweatpants. As a result, he states he is "deprived of keeping [his] lower body warm" and asserts that the loss of property

and other acts have affected his heart condition, leaving him at greater risk of a heart attack or stroke. (Doc. 1, p. 10, par. 28).

Because this claim fails to sufficiently allege that plaintiff faces any imminent danger arising from the loss of property, the Court concludes he must be denied leave to proceed in forma pauperis.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is denied.

IT IS FURTHER ORDERED plaintiff is granted to and including March 10, 2020, to submit the $400.00 filing fee to the clerk of the court.

**IT IS SO ORDERED.**

DATED:  This 10th day of February, 2020, at Wichita, Kansas.

S/ J. Thomas Marten
J. THOMAS MARTEN
U.S. District Judge