# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**PATRICK C. LYNN,**

        **Plaintiff,**

  v.                                           **CASE NO. 20-3048-JTM**

**UNIT MANAGER HACKNEY, et al.,**

        **Defendants.**

## MEMORANDUM AND ORDER

This matter is a civil rights action filed under 42 U.S.C. § 1983. By its order of February 10, 2020, the Court denied plaintiff leave to proceed in forma pauperis and granted him to and including March 10, 2020, to submit the filing fee. The matter now comes before the Court on plaintiff's motion for order, captioned as "plaintiff's evidentiary proffers of ongoing actionable admin. remedies obstructions & futilities, and ongoing deliberate court access obstructions & actionable conditions of confinement" (Doc. 3), and his "motion for orders/emergency injunctive relief from medical denials & subjected to ongoing imminent dangers of serious physical injuries" (Doc. 5).

The Court has examined both motions, which appear largely unrelated to plaintiff's claims alleging denials of his rights to petition the courts and government officials for redress, violations of the First Amendment and the Kansas Open Records Act, interference with mail, and generalized claims alleging inhumane conditions of confinement.

Plaintiff's motion for order and the attached pages of grievances

detail his complaints concerning his medical diet, the handling of his property incident to transfers between facilities and access to showers and telephone calls. None of these materials suggests the sort of imminent danger that plaintiff must establish to proceed in this matter without prepayment of the statutory filing fee. *See* 28 U.S.C. § 1915(g). Nor does it appear, based upon the dates on these materials, that plaintiff completed the administrative grievance procedure before presenting them to the Court.[1] *See* K.A.R. 44-15-101 (describing three-tiered formal administrative grievance procedure for prisoners in state custody). The exhaustion of available administrative remedies is a prerequisite to consideration of a prisoner's claims concerning conditions of confinement. 42 U.S.C § 1997e(a). Accordingly, the Court will deny plaintiff's motion for a teleconference on these matters.

Plaintiff's motion for orders and emergency injunctive relief describes a delay in seeing a physician to have a peanut allergy noted in his medical records; he also seeks permission to have immediate access to medications for his heart condition. Finally, he complains of inaction to his health service request form dated February 8, 2020, seeking a Tamiflu shot and aspirin. Again, these claims, while potentially serious, do not suggest imminent danger and do not appear to have been presented through the full administrative grievance procedure.

Because plaintiff has not established that he is in imminent danger of serious physical injury, and because he seeks relief on unexhausted claims that are not related to his claims in the complaint,

---

[1] It appears that plaintiff attempted to present at least some of the grievances through the expedited process available for emergency grievances but was directed to proceed through normal channels. *See* K.A.R. 44-15-106 *Emergency procedure*.

the Court will deny his motions.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff's motion for order (Doc. 3) and motion for orders/emergency injunctive relief (Doc. 5) are denied.

**IT IS SO ORDERED.**

DATED:This 20th day of February, 2020, at Wichita, Kansas.

/s/ J. Thomas Marten
J. THOMAS MARTEN
U.S. District Judge